UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRISTY MONTOTO,<br><br>Plaintiffs,<br><br>-against-<br><br>WASTE CONNECTIONS OF NEW YORK, INC.,<br><br>Defendant. | Index No. 20-cv-1351 (KMK) (JCM)<br><br>**STIPULATED<br>CONFIDENTIALITY AGREEMENT<br>AND PROTECTIVE ORDER** |

KENNETH M. KARAS, U.S.D.J.:

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic set forth in Paragraph 2 and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all non-parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as

"Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits:

2. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

    (a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

    (b) previously non-disclosed material relating to ownership or control of any non-public company;

    (c) previously non-disclosed business plans, product-development information, or marketing plans;

    (d) any information of a personal or intimate nature regarding any individual; or

    (e) any other category of information this Court subsequently affords confidential status.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

8. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. The parties agree upon the following procedure should any of them seek to seal (a) Confidential Discovery Material or (b) portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"). Any party seeking to seal Confidential Discovery Material or a Confidential Court Submission may file those submissions under seal but must simultaneously file with the Court a letter brief and supporting declaration justifying – on a particularized basis – the continued sealing of such documents. In filing Confidential Discovery Material or a Confidential Court Submission with this Court, the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

10. In the event any Party objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach

agreement promptly, counsel for all affected Parties will address their dispute to this Court.

11. Any party that does not agree that Confidential Discovery Material or a Confidential Court Submission should be under seal shall nonetheless file that Confidential Discovery Material or Confidential Court Submission under seal but simultaneously file with the Court a letter designating those portions of its filing that it maintains should not be under seal. Within 5 calendar days of that filing, if another party intends for that Confidential Discovery Material or a Confidential Court Submission to remain under seal, it must file with the Court a letter brief and supporting declaration justifying – on a particularized basis – the continued sealing of such Confidential Discovery Material or Confidential Court Submission. In the absence of a timely filing by another party seeking to justify the continued sealing of particular Confidential Discovery Material or a Confidential Court Submission, the party that initially filed under seal can thereafter publicly refile any previously filed submission without redacting the particular Confidential Discovery Material or Confidential Court Submission.

12. All persons are hereby placed on notice that in this Circuit, there is a presumption against sealing even if Discovery Material has previously been designated as Confidential.

13. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with this Court's Individual Practices.

14. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing

contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

15. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

16. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

18.     This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

19.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

20.     Pursuant to FRE 502(d) and (e), the parties agree to and the Court orders protection of privileged and otherwise protected documents and electronically stored information against claims of waiver (including as against non-parties and in other federal and state proceedings) in the event they are produced during the course of this litigation, whether pursuant to a court's order, a party's discovery request, or informal production, as follows:

   a.     The inadvertent production of documents by a Producing Party subject to a legally recognized claim of privilege, including, without limitation, the attorney-client privilege and work-product doctrine shall in no way constitute the voluntary disclosure of such document, data, or information.

   b.     The inadvertent production of any document in this action shall not result in the waiver of any privilege, evidentiary protection, or other protection associated with such document, and shall not result in any waiver, including subject matter waiver, of any kind.

   c.     If, during the course of this litigation, a party determines that any document produced by another party is on its face subject to a legally recognizable privilege or evidentiary protection, the party shall: (a) refrain from reading the document any more closely than is necessary to ascertain that it is privileged; (b) immediately notify the Producing Party in writing that it has discovered documents believed to be privileged or protected; (c) specifically identify the documents by Bates number range; and (d) where possible, return, sequester, or destroy all copies of such documents, along with any notes,

abstracts, or compilations of the content thereof, within five (5) days of discovery. Where such documents cannot be destroyed or separated, it shall not be reviewed, disclosed, or otherwise used by the party. Notwithstanding, no party is under an obligation to search or review the Producing Party's documents to identify potentially privileged or work product-protected documents.

    d.    If the Producing Party intends to assert a claim of privilege or other protection over documents identified by another party, the Producing Party will, within five (5) business days of receiving a party's written notification, inform all affected parties of such intention in writing and shall provide the affected parties with a log for such document, data, or information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection, and in the event any portion of the document does not contain privileged or protected information, the Producing Party shall also provide to the affected parties a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

    e.    If, during the course of this litigation, a Producing Party determines it has produced a document protected from discovery by a legally recognized claim of privilege or other protection, the Producing Party may notify the other parties of such inadvertent production in writing and demand the return of such documents. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition and promptly followed up in writing. The Producing Party's written notice will identify the document, data, and/or information inadvertently produced by Bates number range, the privilege or protection claimed, and the basis for the assertion of the privilege, and shall provide the other parties with a log for such document that is consistent with the requirements of the

Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection, and in the event any portion of the document that does not contain privileged or protected information, the Producing Party shall also provide to the other parties a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection. After receiving such written notification, the other parties must, within five (5) business days of receiving the written notification, return, sequester, or destroy the specified document and any copies, along with any notes, abstracts, or compilations of the content thereof.

    f. A party's return, sequestering, or destruction of such privileged or protected documents as provided herein will not act as a waiver of that party's right to move for the production of the returned, sequestered, or destroyed documents on the ground that the documents are not, in fact, subject to a viable claim of privilege or protection. However, such party is prohibited and estopped from arguing that the production of the documents in this matter acts as a waiver of an applicable privilege or evidentiary protection, that the disclosure of the documents was not inadvertent, that the Producing Party did not take reasonable steps to prevent the disclosure of the privileged documents, or that the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

    g. Any party may submit the specified documents to the Court under seal for a determination of the claim of privilege or other protection and will provide the Court with the grounds for the asserted privilege or protection. Any parties other than the Producing Party may not use the documents for any purpose absent this Court's Order permitting such use.

h.   Upon a determination by the Court that the specified documents are protected by the applicable privilege or evidentiary protection, and if the specified documents have been sequestered rather than returned or destroyed, the specified documents shall be returned or destroyed. The Court may also order the identification and/or review of documents that have been identified as being potentially subject to a legally recognized claim by search terms or other means.

i.   Nothing contained herein is intended to or shall serve to limit a party's right and obligation to conduct a review of documents for relevance, responsiveness, or the segregation of privileged and/or protected information.

SO STIPULATED AND AGREED:

| | |
|---|---|
| **LAW OFFICE OF**<br>**PAUL CISTERNINO, PC** | **LITTLER MENDELSON P.C.** |
| Paul Cisternino | Amber M. Spataro<br>Dylan C. Dindial |
| 16 Briarbrook Road<br>Ossining, New York  10562<br>(914) 330-1527<br>paulcist@justice.com | One Newark Center<br>1085 Raymond Blvd, 8th Floor<br>Newark, New Jersey 07102<br>(973) 848-4700<br>aspataro@littler.com<br>ddindial@littler.com |
| *Attorneys for Plaintiff*<br>*Kristy Montoto* | *Attorneys for Defendant*<br>*Waste Connections of New York, Inc.* |
| Dated:  January __, 2021 | Dated:  January __, 2021 |
| Dated:  January 19, 2021<br>New York, New York | |

SO ORDERED.

_____
Kenneth M. Karas
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRISTY MONTOTO,<br><br>　　　　　　Plaintiffs,<br><br>-against-<br><br>WASTE CONNECTIONS OF NEW YORK, INC.,<br><br>　　　　　　Defendant. | Index No. 20-cv-1351 (KMK) (JCM)<br><br>**NON-DISCLOSURE AGREEMENT** |

I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

　　　　　　　　　　　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　　　　　　　Dated:

4822-2523-3111.2